**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUACELL DUVON BRITT, Plaintiff, v. WASHOE COUNTY JAIL, et al., Defendants. | Case No. 2:22-cv-02068-GMN-BNW **ORDER DISMISSING AND CLOSING CASE** |

This action began with a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner. On October 18, 2024, the Court ordered Plaintiff Juacell Britt to file his updated contact information with the Court and file a writing stating how he intends to proceed now that this action has been removed from the Court's Pro Bono Counsel Program. (ECF No. 19). The Court gave Britt until November 18, 2024, to comply. (*Id.*) That deadline expired without and updated address or written statement by Britt, and he has not otherwise responded to the Court's order. This is not the first time that the Court has been unable to reach Britt. (*See* ECF Nos. 17, 18).

## I. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants;

(4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Britt's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires this Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Because this action cannot realistically proceed without the ability for the Court and the defendants to send Britt case-related documents, filings, and orders, and this litigation cannot progress without Britt's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But repeating an ignored order often only delays the inevitable and squanders the Court's finite resources. These circumstances do not indicate that this case will be an exception. And without updated contact information, the likelihood that the second order would even reach Britt is low. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

**II. CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED without prejudice** based on the plaintiff's failure to file his updated address and a written notice of intention to proceed in compliance with the Court's October 18, 2024, order. The Court kindly directs the Clerk of Court to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If Juacell Britt wishes to pursue his claims, he must file a complaint in a new case, under a new case number, provide his updated contact information, and either apply for *in forma pauperis* status or pay the required filing fee for that action.

DATED: November 20, 2024

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE